**PABST BREWING COMPANY, INC., Plaintiff,**

v.

**Jack S. CORRAO and James P. Murdock, individually an as representatives of sub-classes of persons similarly situated, Defendants.**

No. 96–C–903.

United States District Court, E.D. Wisconsin.

Dec. 1, 1997.

Thomas M. Knepper, Neal, Gerber & Eisenberg, Chicago, IL, for Plaintiff.

William A. Wertheimer, Jr., Wertheimer Law Offices, Southfield, MI, for Defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The parties in this case have filed a barrage of motions: (1) "Plaintiff's Motion to Dismiss Counterclaim"; (2) "Plaintiff's Motion for Protective Order"; (3) Defendant Jack Corrao's "Motion to Amend Counterclaim"; (4) Mr. Corrao's "Motion to Dismiss Complaint for Declaratory Judgment": (5) Mr. Corrao's "Renewed Motion for Order Compelling Discovery and Costs"; (6) Plaintiff's "Motion for Leave to File Instanter, Sur–Reply Memorandum of Law"; and (7) Mr. Corrao's "Motion for leave to File, Instanter, A Brief in Response to Plaintiff's 'Sur–Reply.'" Each of these motions will be discussed below.

### I. BACKGROUND

A class action complaint for a declaratory judgment was filed on August 12, 1996, by Pabst Brewing Company, Inc. ["Pabst"]. The complaint was amended on August 14, 1996. The original and amended complaints name Mr. Corrao individually and as the representative of a sub-class of union retirees consisting of approximately 774 Pabst retirees who were represented by Brewery Workers Local 9 ["the union"] and whose collective bargaining agreements with Pabst have expired.

Mr. Murdock is named in the original and amended complaints individually and as the representative of a sub-class consisting of approximately 43 Pabst retirees who were not represented by any labor organization ["the salaried retirees"]. Pabst formerly employed all of the retirees at its Milwaukee division.

Pabst's declaratory judgment action arises out of its July 31, 1996, decision unilaterally to amend the Pabst Brewing Company Welfare Plan, also known as the "Pabst Brewing Company Medical & Dental Plan" ["the welfare plan"] and the Pabst Brewing Company Life Plan ["the life plan"]. There are two amendments to such plans: (1) the termination, effective September 1, 1996, of the eligibility of the union retirees, the salaried retirees and their dependents for coverage under the welfare plan; and (2) the elimination, effective August 1, 1996, of payments of death benefits after age 66 for the union retirees who had retired from Pabst's Milwaukee division prior to August 1, 1996.

In its amended complaint, Pabst seeks a declaratory judgment that its "termination of eligibility and elimination of benefits to the Class Retirees under the Plans is not violative of [the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA")] and is otherwise lawful in all respects...." On August 27, 1996, Mr. Corrao filed an answer to Pabst's complaint and a counterclaim against Pabst in which he alleges that the collective bargaining agreements between the union and Pabst conferred upon the retirees of Pabst's Milwaukee division lifetime rights to health insurance benefits and life insurance benefits. Mr. Corrao maintains that these benefits survived the expiration on May 31, 1996, of the most recent collective bargaining agreement between the union and Pabst. Mr. Corrao bases his counterclaim on § 301 of the Labor Management Relations Act (Taft–Hartley Act) ["LMRA"], 29 U.S.C. § 185, which creates a private right of action to enforce collective bargaining agreements, and § 502 of ERISA.

Along with his answer, Mr. Corrao filed a motion for a "Temporary Restraining Order and/or Preliminary Injunction" to restrain Pabst from "unilaterally eliminating health benefits" of the union retirees. Mr. Corrao's motion did not seek any injunctive relief for Mr. Murdock or for any other salaried retiree. Also, it did not relate to the elimination of life insurance payments. This motion asked the court to bar the termination of the union retirees' health benefits which was to take effect on Sunday, September 1, 1996. In order to consider the motion before the termination date, a hearing was conducted by this court on Thursday, August 29, 1 996. With the consent of the parties, this court orally certified Mr. Corrao as the class representative of the union retirees consisting of approximately 700 persons for the purpose of

considering Mr. Corrao's request for a temporary restraining order.

After considering the oral arguments of the parties, their written submissions and also the amicus curiae brief filed by the Secretary of Labor in support of Mr. Corrao's motion, this court granted his motion for a temporary restraining order. The court issued an order on August 29, 1996, which restrained "Pabst, its agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this order ... from discontinuing health insurance benefits to the sub-class" until September 27, 1996.

An evidentiary hearing in connection with Mr. Corrao's request for a preliminary injunction was conducted on Monday, September 16, 1996, through Wednesday, September 18, 1996. There being no objection from the parties, this court orally certified Mr. Corrao as the representative of the sub-class of union retirees consisting of approximately 700 persons for the purpose of addressing his motion for a preliminary injunction.

By decision and order of September 27, 1996, I denied Mr. Corrao's motion for a preliminary injunction and vacated the temporary restraining order which had been entered on August 29, 1996. The denial of injunctive relief was premised on my conclusion that Mr. Corrao did not have a likelihood of succeeding on the merits of his contract claim under § 301 of the LMRA. *Pabst Brewing Company, Inc. v. Corrao*, 940 F.Supp. 217, 223 (E.D.Wis.1996). Specifically, after reviewing the contract documents upon which Mr. Corrao based his counterclaim, I concluded that:

> the collective bargaining agreement at issue in this case and the pertinent insurance documents unambiguously demonstrate that Pabst is not legally obligated to provide lifetime health insurance benefits to Mr. Corrao. Thus, I am not permitted to consider the extrinsic evidence offered by Mr. Corrao in support of his claim to lifetime benefits.

*Id.*

## I. PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). While this standard is high, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.), *cert. denied*, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992).

When submitting a motion to dismiss under Rule 12(b)(6), a defendant may introduce pertinent documents that are referred to in a complaint and central to a plaintiff's claim without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir.1993).

In his counterclaim, Mr. Corrao alleges that the 1993–1996 and prior collective bargaining agreements between Pabst and the union specify that Pabst would provide fully paid health insurance benefits to retirees throughout their lives and to their spouses for six months after the death of the retiree. (Answer, ¶¶ 10 and 15.) In addition, Mr. Corrao alleges in count two of his counterclaim that the "insurance programs, including the provisions of the.. collective bargaining agreements" also provided the retirees with lifetime benefits. (Answer, ¶¶ 23.)

The heart of Mr. Corrao's claim is that the health and life insurance benefits provided to the retirees were vested at the time of the termination of the benefits pursuant to the terms of the collective bargaining agreements and insurance programs. In order to avoid dismissal, Mr. Corrao's counterclaims must allege facts which, taken as true, demonstrate his entitlement to these lifetime benefits.

Mr. Corrao's task is a difficult one in view of my conclusion in connection with his motion for a preliminary injunction that the collective bargaining agreements and insur-

ance documents upon which he bases his counterclaim unambiguously demonstrate that Pabst is *not* legally obligated to provide lifetime health insurance benefits to Mr. Corrao. This conclusion was premised, in part, on my determination that the "For the term of this Agreement" language found in Article VII of the 1993–1996 collective bargaining agreement:

> constituted a lucid understanding that the health insurance benefits provided to the union retirees would not unilaterally be terminated so long as the collective bargaining agreement remained in effect and also that unless contractually extended, Pabst's legal obligation to provide health benefits ended when the collective bargaining agreement itself expired.

*Pabst Brewing Company, Inc.*, 940 F.Supp. at 222. Article VII also relates to the provision of life insurance benefits. Thus, the above conclusion applies equally to Mr. Corrao's claim to vested life insurance benefits even though those benefits were not at issue in the request for injunctive relief.

Pabst seeks dismissal of Mr. Corrao's counterclaim based on the determination at the preliminary injunction stage of this action that the 1993–1996 collective bargaining agreement and relevant insurance documents did not, as a matter of law, confer lifetime benefits on the retirees. Mr. Corrao spends the bulk of his brief in opposition to the motion to dismiss arguing that in spite of the court's conclusion that he has little likelihood of succeeding on the merits of his contract claim, he should be permitted to conduct discovery in the hopes of finding other contracts and/or extrinsic evidence concerning the retirees' understanding of the nature of their entitlement.

As a preliminary matter, Mr. Corrao suggests that this court is not permitted to consider the 1993–1996 collective bargaining agreements and insurance programs referred to in Pabst's motion to dismiss in resolving the Rule 12(b)(6) motion. This position is contrary to the decision of the court of appeals for the seventh circuit in *Venture Associates*, 987 F.2d at 431, which affirmed as procedurally correct, the attachment of seven documents including plaintiff's proposed letter of intent to defendant's motion to dismiss and their use as the foundation for a Rule 12(b)(6) motion. According to the court of appeals, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to her claim." *Id.* These documents were attached to Pabst's reply to Mr. Corrao's counterclaim and are the same as those upon which the court based its decision with respect to Mr. Corrao's motion for a preliminary injunction. It is undisputed that Mr. Corrao's own counterclaim refers to these documents, in general, and that they are "central to" his counterclaim. Thus, contrary to Mr. Corrao's suggestion, consideration of the relevant collective bargaining agreements and insurance program documents in resolving Pabst's motion to dismiss is not an impermissible conversion of a Rule 12(b)(6) motion into one for summary judgment.

To survive Pabst's motion to dismiss in view of my conclusion that the collective bargaining agreement and insurance documents were unambiguous and do not, as a matter of law, confer lifetime benefits on the retirees, the counterclaim must allege some objective fact that, if true, would establish that the contractual language which the court deemed "unambiguous" is, in fact, susceptible to more than one meaning. None of the allegations of Mr. Corrao's counterclaim point to any language in the 1993–1996 collective bargaining agreement, any prior collective bargaining agreement, or any insurance documents that would create an ambiguity as to whether retiree health or life insurance benefits vest. In fact, other than referring to the 1993–1996 collective bargaining agreement and "insurance programs" in general, the complaint identifies no contractual language which can be read as supporting Mr. Corrao's claim to lifetime benefits much less as creating an ambiguity over the issue.

Mr. Corrao also argues that this court should not dismiss his complaint because many of the retirees retired prior to 1984, and at that time, the language that the court relied on in denying injunctive relief did not exist. According to Mr. Corrao, this court

should not declare the rights of pre–1984 retirees as a matter of law based on language which did not exist when they retired.

Mr. Corrao's argument is without merit for two reasons. First, it ignores the fact that each and every collective bargaining agreement between Pabst and the union between 1957 (when Local 9 retirees were first afforded health related benefits) through 1984 has contained a "wholly integrated contract" clause which states that the current agreement "cancels and takes the place of all previous agreements" between Pabst and Local 9. (Reply Memorandum in Support of Pabst's Motion to Dismiss Counterclaim, Exs. D–1 through D–14.) Moreover, Mr. Corrao points to no contract language in pre–1984 collective bargaining agreements which supports his claim to lifetime benefits.

Thus, for the reasons specified in my decision and order of September 27, 1996, I find that the collective bargaining agreements at issue in this case and the pertinent insurance documents unambiguously demonstrate that Pabst is not legally obligated to provide lifetime health insurance benefits to Mr. Corrao. Therefore, the termination of those benefits cannot be in contravention of the parties' contract. Accordingly, Mr. Corrao's counterclaim under § 301 of the LMRA fails to state a claim for which relief can be granted.

As acknowledged by Mr. Corrao, his LMRA contract and ERISA contract claims are identical except for the remedy of attorney's fees sought in connection with the ERISA claim. (Reply Brief in Support of Defendant's Motion to Amend Counterclaim, p. 8, n. 3; Court Minutes, July 23, 1997, p. 3.) Therefore, Mr. Corrao's ERISA counterclaim also fails to state a claim for which relief can be granted. Pabst's motion to dismiss both counts of Mr. Corrao's counterclaims will be granted.

## II. MR. CORRAO'S MOTION TO AMEND COUNTERCLAIM

■ In addition to opposing Pabst's motion to dismiss his counterclaim, Mr. Corrao has filed a motion to amend his counterclaim "to plead a) further facts in support of the contract claims pled in counts I and II; b) counts for breach of fiduciary duty and sum-

mary plan description provisions of ERISA; c) corresponding damage allegations; and d) class action allegations." (Defendant's Motion to Amend Counterclaim, ¶ 1). Rule 15(a), Federal Rules of Civil Procedure, provides that courts should freely permit a party to amend his pleadings where there is no harm to the opposing party. The court of appeals for the seventh circuit has instructed that courts should generally allow such amendments unless there is "undue delay, bad faith, or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir.1993) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). It is also proper for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir.1981). Whether to grant a motion to amend a pleading is within a court's discretion. *Goulding v. Feinglass,* 811 F.2d 1099, 1103 (7th Cir.), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3215, 96 L.Ed.2d 701 (1987) citing *Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061 (7th Cir.1979).

■ As a preliminary matter, both parties have filed motions seeking leave to file "sur-reply" briefs in connection with Mr. Corrao's motion to amend his counterclaim. As the parties concede, the briefing procedure set forth in Local Rule 6.01 does not contemplate "sur-reply" briefs. Nevertheless, Pabst contends that a sur-reply is warranted in order to address the arguments made by Mr. Corrao at the July 23, 1997: pretrial conference and in his reply brief which were not made in his principal brief. Not wanting Pabst to have the last word, Mr. Corrao asks that he be permitted to file a "Brief in Response to Plaintiff's 'Sur–Reply' Brief" in order to respond to the arguments made by Pabst in the sur-reply.

In my opinion, the issues germane to the motion to amend the counterclaim are adequately addressed by the parties in the sub-

missions which are contemplated under Local Rule 6.01. Moreover, I do not believe that Mr. Corrao impermissibly exceeded the scope of the reply brief under Local Rule 6.01 by raising arguments which were not raised in his principal brief. Hence, I will deny Pabst's "Motion for Leave to File Instanter, Sur–Reply Memorandum of Law." Because Pabst's sur-reply memorandum was filed contemporaneously with the motion, I will order the sur-reply stricken. Mr. Corrao's "Motion for Leave to File, Instanter, a Brief in Response to Plaintiff's 'Sur–Reply' Brief" will be dismissed as moot. The "Response to Plaintiff's 'Sur–Reply' Brief" which was filed with the motion will be stricken.

### A. LMRA and ERISA Contract Counts of the Counterclaim

■ Mr. Corrao seeks to amend his counterclaim in order to cure the deficiencies of counts I and II of his original counterclaim. In particular, his proposed amended counterclaim pleads additional facts in support of the LMRA and ERISA contract claims. However, the additional facts that Mr. Corrao proposes to plead do not cure the deficiencies of the original pleading.

As I determined earlier in this decision and order, Mr. Corrao's original counterclaim failed to allege any objective facts which, if true, would establish that the contractual language which the court had deemed "unambiguous" was, in fact, susceptible to more than one meaning. None of the proposed additional factual allegations cure this deficiency. The proposed amended counterclaim contains new factual allegations regarding language in the collective bargaining agreement which purport to be "indicative of lifetime intent and understanding." (Proposed Amended Counterclaim, ¶ 35.) However, this court has already determined, in its decision denying Mr. Corrao's motion for a preliminary injunction, that language of the type he recites falls short of creating an ambiguity as to duration of benefits. *Pabst*, 940 F.Supp. at 222–223. Aside from his bald assertion that my conclusion was made in connection with his request for preliminary injunctive relief, Mr. Corrao has not given

the court any reason to revisit its findings in that regard.

The proposed factual allegations in paragraphs 33, 34, and 36 do not cure the deficiencies of the original pleading as they relate to extrinsic evidence concerning the parties' intent and understanding. In view of my conclusion that the contract is unambiguous as to the duration of lifetime benefits, I am not to consider evidence beyond the language of the contract itself in determining the sufficiency of the contract claim. *See Palda v. General Dynamics Corp.*, 47 F.3d 872, 874 (7th Cir.1995).

In sum, the proposed amendments to counts I and II of the counterclaim would be futile as they do not alleviate the deficiencies of the original counterclaim.

### B. New Claims, New Class Representative

The proposed amended counterclaim also seeks to add two counts: (1) breach of fiduciary duty (Proposed Amended Counterclaim, ¶¶ 48–65); and (2) summary plan description violation (Proposed Amended Counterclaim, ¶¶ 66–68). In addition, Mr. Corrao requests leave to add class action allegations to the complaint and to name Leon Rubitsky as the representative of a second sub-class of retirees—those employees who retired prior to June 27, 1984. Pabst argues that Mr. Corrao should not be allowed to add the two new claims because neither one could survive a motion to dismiss. As to the class action allegations, Pabst contends that such amendments are unnecessary and inappropriate.

■ Mr. Corrao has known since September 27, 1996, the day on which I denied his motion for a preliminary injunction, that his LMRA and ERISA contract counterclaims stood virtually no chance of succeeding on the merits. Nevertheless, he did not move to amend those claims or to add any new claims to his counterclaim until July 23, 1997—almost 10 months after this court's September 27, 1996, decision and order. Mr. Corrao has offered no explanation, let alone a compelling one, for this ten-month delay. Further, it is clear that the factual and legal basis of the

fiduciary duty and summary plan description claims were available to the defendant even before he had filed his original counterclaim on August 27, 1997. Once again, Mr. Corrao does not specify why he did not originally pursue these claims.

Leave to amend a pleading may be properly denied if the moving party knew the facts on which the claims sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir.1993); *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir.1990); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.1995), *cert. denied*, 516 U.S. 1045, 116 S.Ct. 1045, 134 L.Ed.2d 192 (1996); 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 p. 651 (2d ed.1990). In my opinion, Mr. Corrao's inexcusable and unexplained delay in seeking leave to amend warrants denial of his motion to amend his counterclaim to add new counts. The fact that Mr. Corrao was aware of the legal weaknesses of his original counterclaim from almost the onset of this action yet took no steps to remedy his pleading for ten months also justifies denial of his application to amend his counterclaim.

Because counts I and II of the counterclaim have been dismissed and Mr. Corrao will not be permitted to add new counts to his counterclaim, I need not address Mr. Corrao's request that he be permitted to amend his counterclaim to add class action allegations and to add Mr. Rubitsky as the representative of a second subclass for purposes of the counterclaim.

### III. MR. CORRAO'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

The defendant has filed a motion to dismiss Pabst's declaratory judgment complaint for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure. In its amended complaint, Pabst alleges that this court has subject matter jurisdiction (1) "pursuant to 28 U.S.C. § 1331, since the Declaratory Judgment Act ... confers jurisdiction where, as here, the Class Retirees threaten federal claims for benefits under Section 1132(a)(1)(B) of ERISA"; and (2) "under 28 U.S.C. § 1332(a), since the matter in controversy exceeds the sum or value of $50,000.00 exclusive of interest and costs, and is between citizens of different states."

Section 502 of ERISA, 29 U.S.C. § 1132(a), which is entitled "Persons empowered to bring a civil action," provides that only a plan participant or plan beneficiary may bring an action for clarification or enforcement of the right of plan participants and beneficiaries to future benefits under the terms of a welfare plan. 29 U.S.C. § 1132(a)(1). Pabst has brought the instant declaratory judgment action in its capacity as the plan administrator. Mr. Corrao argues that federal subject matter jurisdiction is lacking because Pabst, as the plan administrator, is not one of the persons empowered to bring an action under ERISA seeking a declaration of rights under the welfare plan.

Pabst admits that it does not have *standing* to bring an action pursuant to § 502 of ERISA, 29 U.S.C. § 1132(a). However, it argues that because this is a declaratory judgment suit, the determination of this court's subject matter jurisdiction depends on whether such jurisdiction would exist over the presumed suit by the declaratory judgment defendant. Because Mr. Corrao could have brought an action under § 502(a) to enforce his rights with respect to health benefits, Pabst contends it is permitted to seek a declaration as to its obligation under the welfare plan.

While the parties spend the bulk of their briefs discussing the provisions of § 502(a) of ERISA, 29 U.S.C. § 1132(a), which relates to standing under ERISA, this court's subject matter jurisdiction over ERISA claims is actually governed by § 502(e), 29 U.S.C. § 1132(e)(1), which provides:

Except for actions under subsection (a)(1)(B) [i.e., actions by a participant or beneficiary to recover benefits due him], the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary or fiduciary. State courts of competent

jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

The express language of 29 U.S.C. § 1132(e) establishes that ERISA federal subject matter jurisdiction is limited to cases brought by plan participants, beneficiaries fiduciaries or the Secretary of Labor. Nowhere does the ERISA statute confer subject matter jurisdiction over ERISA actions filed by plan administrators or employers. The court of appeals for the seventh circuit has held that the grant of jurisdiction under § 1132(e)(1) is exclusive and, as such, federal courts have no subject matter jurisdiction over an ERISA claim brought by an employer. *Giardono v. Jones,* 867 F.2d 409, 413 (7th Cir.1989).

The United States Supreme Court has rejected the proposition advanced by Pabst that this court can assume jurisdiction over its declaratory judgment action because the declaratory judgment defendant would have been entitled to file a coercive action to enforce his rights under 29 U.S.C. § 1132(a). *In Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), a state tax board filed an action to obtain a declaration of its right to collect unpaid state income taxes by levying on funds held in trust for the taxpayers under an ERISA-covered vacation benefit plan. The state tax board argued, as Pabst does in this case, that because the defendant could have brought a coercive action to enforce its rights under ERISA, the federal court had subject matter jurisdiction over its declaratory judgment action. In analyzing the plaintiff's argument, the Court reaffirmed a principle it had previously enunciated:

> "[T]he operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. v. Haworth,* 300 U.S. 227, 240 [57 S.Ct. 461, 463, 81 L.Ed. 617 (1937)]. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. When concerned as we are with the power of the federal courts to entertain litigation within the restricted area to which the Constitution and the Acts of Congress confined them, "jurisdiction" means the kind of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act.

*Franchise Tax Board,* 463 U.S. at 15, 103 S.Ct. at 2849 (quoting *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950)). Based on this principle, the Court disowned the plaintiff's argument, as follows:

> The question then is whether a federal district court could take jurisdiction of appellant's declaratory judgment claim had it been brought under 28 U.S.C. § 2201 [the Declaratory Judgment Act].

> \*    \*    \*    \*    \*    \*

> The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties as to whom Congress presumably determined that a right to enter federal court was necessary to further the statutory purposes. It did not go so far as to provide that any suit against such parties must also be brought in federal court when they themselves did not choose to sue.... [U]ntil Congress informs us otherwise, such a suit is not within the original jurisdiction of the United States district courts.

*Id.,* at 19–20, 103 S.Ct. at 2851. In my opinion, the Supreme Court's decision in *Franchise Tax Board* clearly demonstrates that this court does not have original subject matter jurisdiction over a suit by a plan administrator, like Pabst, seeking a declaration under the Declaratory Judgment Act as to its rights under ERISA.

Pabst argues that *Franchise Tax Board* is distinguishable because the plaintiff in that case originally sought a declaratory judgment in state court pursuant to a *state declaratory judgment law;* this distinction is not impressive. As Mr. Corrao correctly notes, the Supreme Court in *Franchise Tax Board* premised its decision regarding jurisdiction on whether the plaintiff could have brought its declaratory judgment action in federal court in the first place. *Id.* ("The

question, then, is whether a federal district court could take jurisdiction of appellant's declaratory judgment claim had it been brought under 28 U.S.C. § 2201 [the federal Declaratory Judgment Act].")

Based on the above, I find that this court does not have original jurisdiction under 28 U.S.C. § 1331 over the plaintiff's declaratory judgment action. I also find that this court does not have subject matter jurisdiction over this claim under the diversity jurisdiction statute, 28 U.S.C. § 1332. While the parties are of diverse citizenship and the amount in controversy requirement has been satisfied, the above discussion reveals that the plaintiff has not alleged a cognizable state law claim, or a federal claim for that matter. *See* 13B Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3602, p. 375 (2d ed. 1984) ("Even if diversity of citizenship exists, the federal court will not take jurisdiction over a case unless the plaintiff has asserted a claim cognizable in the state courts.").

Accordingly, the plaintiff has failed to meet its burden of demonstrating that this court has subject matter jurisdiction over its declaratory judgment action. Mr. Corrao's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, will be granted.

### IV. DISCOVERY MOTIONS

Because Pabst's action and Mr. Corrao's counterclaim's will be dismissed, I need not address the parties' motions relating to future discovery. These motions will be dismissed, as moot.

### ORDER

Therefore, IT IS ORDERED that Pabst's "Motion to Dismiss Counterclaim" be and hereby is granted.

IT IS ALSO ORDERED that Pabst's "Motion for Leave to File Instanter, Sur-Reply Memorandum of Law" be and hereby is denied.

IT IS FURTHER ORDERED that Pabst's sur-reply memorandum of law be and hereby is stricken.

IT IS FURTHER ORDERED that Mr. Corrao's "Motion for Leave to File, Instanter, A Brief in Response to Plaintiff's 'Sur-Reply'" be and hereby is denied.

IT IS FURTHER ORDERED that Mr. Corrao's brief in response to plaintiff's sur-reply be and hereby is stricken.

IT IS FURTHER ORDERED that Mr. Corrao's "Motion to Amend Counterclaim" be and hereby is denied.

IT IS FURTHER ORDERED that Mr. Corrao's counterclaim be and hereby is dismissed, with prejudice.

IT IS FURTHER ORDERED that Mr. Corrao's "Motion to Dismiss Complaint for Declaratory Judgment" under Rule 12(b)(1), Federal Rules of Civil Procedure, be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed, with prejudice, for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that "Plaintiff's Motion for Protective Order" and Mr. Corrao's "Renewed Motion for Order Compelling Discovery and Costs" be and hereby are dismissed, as moot.

IT IS FURTHER ORDERED that, in accordance with Rule 54(d)(1), Federal Rules of Civil Procedure, each party be and hereby is directed to bear its own costs in connection with these motions.