John E. PALDA, Sr., Plaintiff–Appellant,

v.

GENERAL DYNAMICS CORPORATION,
Defendant–Appellee.

No. 94–1724.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 2, 1994.

Decided Feb. 10, 1995.

Rehearing and Suggestion for Rehearing
In Banc Denied April 5, 1995.

Michael T. Hannafan, William E. Blais, Hannafan & Associates, Chicago, IL, Norman J. Lerum (argued), Chicago, IL, for plaintiff-appellant.

Kathryn S. Matkov (argued), Robert A. Carson, Gould & Ratner, Chicago, IL, for defendant-appellee.

Before FLAUM, GARZA,* and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

Plaintiff John E. Palda, Sr. instituted this diversity action seeking recovery against General Dynamics Corporation under both an employment agreement and a stock option agreement entered into between General Dynamics and himself. The district court dismissed the First Amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). Palda appealed this dismissal. We affirm.

**I.**

General Dynamics employed John Palda as a Senior Vice President of Administration at its Material Services division located in Chicago, Illinois. Palda signed an employment agreement, dated August 28, 1989, with General Dynamics. This agreement, essentially a "golden parachute" arrangement, provided that in the event of certain triggering circumstances leading to Palda's termination, including a "change of control" in corporate ownership as defined in the agreement, Palda would be entitled to severance benefits. Palda also entered into a stock option agree-

ment, dated March 10, 1992, with General Dynamics which, under certain circumstances, allowed him to exercise an option to purchase company stock.

On May 24, 1993, General Dynamics terminated Palda's employment. Palda then filed a complaint seeking compensation under both his employment contract and his stock option agreement. Palda contended in Count I of his complaint that he was entitled to severance benefits under the change of control agreement because he was terminated as a result of a reorganization that constituted a "change of control" as defined in the agreement. The gravamen of Count I was that this "golden parachute" agreement was triggered when General Dynamics underwent certain corporate changes which resulted in his termination. Specifically, Palda alleged that between 1990 and 1992, General Dynamics changed the composition of its board of directors and top management, sold portions of its manufacturing business and other major holdings, attempted to sell other portions of its business, and altered the shareholder makeup of the corporation. In Count II, Palda maintained that he was entitled to exercise his options to purchase 600 shares of General Dynamics common stock under the stock option agreement.[1]

This action, originally filed in the Circuit Court of Cook County, Illinois, was removed by the defendant to the Northern District of Illinois. Pursuant to General Dynamics' motion, the district court dismissed both of the unsettled counts, concluding that Palda failed to state a claim upon which relief could be granted. As to Count I, the district court determined that Palda had not alleged a "change of control" because he had not set out the specific elements that defined such a change in the agreement. After allowing Palda to amend his complaint, the district court again dismissed both counts. The district court concluded that Palda again failed to allege facts showing a breach of the agreement under Count I because he alleged only colloquial and not any of the explicit contrac-

* The Honorable Emilio M. Garza, of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Palda originally filed a three count complaint. The third count has been settled and is not presently at issue.

tual definitions of "change of control." The court dismissed Count II because Palda did not properly exercise his options within three months of his termination as required by the stock option agreement. Palda now appeals the district court's dismissal of the First Amended Complaint for failure to state a claim for breach of the employment contract and stock option agreement.

## II.

The sole issue on appeal is whether the district court erred in dismissing both counts of Palda's First Amended Complaint. We review a dismissal under 12(b)(6) *de novo. Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing Corp.*, 34 F.3d 1310, 1317 (7th Cir.1994); *Dehainaut v. Pena*, 32 F.3d 1066, 1070 (7th Cir.1994), *cert. denied*, ── U.S. ──, 115 S.Ct. 1427, 131 L.Ed.2d 309 (1995); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir.1994). We accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations. *Dausch v. Ryske*, No. 93-1459, slip op. at 3 (7th Cir. Dec. 16, 1994); *Wilson v. Ugo Formigoni*, 42 F.3d 1060, 1064 (7th Cir.1994); *Triad Associates, Inc. v. Robinson*, 10 F.3d 492, 495 (7th Cir. 1993); *Dowlatshahi v. Motorola, Inc.*, 970 F.2d 289, 290 (7th Cir.1992); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Complaints are to be read liberally, *see Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P. 8, and the district court may grant a 12(b)(6) motion only if "it is beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102.

## A.

Palda first argues that the district court erred in dismissing his claim alleging a breach of the "change of control" employment contract. He maintains that this agreement entitles him to compensation and benefits upon his termination. In determining whether Palda stated a sufficient claim we do not look beyond the language of the agreement itself if the contract is unambiguous, because in that situation "no need exists to resort to other means of interpretation, and the effect must be given to the parties' intent as indicated in the language itself." *Hoosier Energy*, 34 F.3d at 1318, n. 4 (quoting *Samuels v. Wilder*, 871 F.2d 1346, 1351 (7th Cir.1989)).

The agreement, which provides for compensation and benefits upon termination resulting from a "change of control" of General Dynamics, treats "change of control" as a term of art and expressly defines it, limiting its application to the occurrence of one of four specific events. The First Amended Complaint relies exclusively on the third definition of change of control provided in paragraph 2(iii) of the Agreement. The relevant portion of the agreement reads:

2. Change of control. For the purposes of this Agreement a "Change of Control" shall mean:

. . . . .

(iii) Approval by the stockholders of the Company of a reorganization merger or consolidation, in each case, with respect to which all or substantially all of the individuals and entities who were the respective beneficial owners of the common stock and voting securities of the Company immediately prior to such reorganization, merger or consolidation do not, following such reorganization, merger or consolidation, beneficially own, directly or indirectly, more than 80% of, respectively, the then outstanding shares of common stock and the combined voting power of the then outstanding voting securities entitled to vote generally in the election of directors, as the case may be, of the corporation resulting from such reorganization, merger or consolidation, or a complete liquidation or dissolution of the Company or of the sale or other disposition of all or substantially all of the assets of the Company.

To state a claim for breach of the contract pursuant to paragraph 2(iii) of the agreement, Palda must plead sufficient facts and allege the existence of three elements: (1) the occurrence of a corporate "reorganization"; (2) shareholder approval of this reorganization; and (3) a shift in ownership of

the shares where substantially all of those who held shares before the reorganization no longer hold 80% of the shares outstanding after the reorganization. Palda must plead all three elements; the failure to plead the existence of *any* of these elements renders his complaint deficient.

■ Palda failed to sufficiently plead the requisite shareholder approval of the reorganization required under the agreement. In his First Amended Complaint, Palda failed to plead any facts relating to this shareholder approval. For example, under Delaware law, which governs General Dynamics' corporate actions, shareholders generally act through a vote at a duly called meeting, or by written consent. *See* Delaware General Corporation Law, 8 Del.C. §§ 211, 228. While we do not intend to pass on the nuances of Delaware corporate law, we note that Palda did not allege any facts which show that shareholder action occurred. Palda's only reference to such approval is contained in paragraph 9 of the First Amended Complaint, where he alleges that the "defendant implemented a reorganization and consolidation of its business *with shareholder approval* ..." (emphasis added). Palda does not explain or elaborate on this shareholder approval. Rather, he merely maintains that the existence of shareholder approval is a question of fact and inappropriate for 12(b)(6) dismissal. Palda urges us, both in his briefs and oral argument, to look to proxy statements and other public record documents to conclude that there was in fact shareholder approval. In reviewing a district court's dismissal of a complaint, however, we will not look beyond the four corners of the complaint itself to determine whether Palda can state a claim and we have already noted that Palda does not plead any facts to support his conclusory statement regarding shareholder approval of the reorganization. A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6). *Cushing v. City of*

*Chicago*, 3 F.3d 1156, 1167 (7th Cir.1993); *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir.1984) ("[Plaintiffs] may not avoid dismissal, however, simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims."). Therefore, Palda's complaint does not satisfy our pleading requirements.[2]

**B.**

■ Palda also argues that the district court erred in concluding that he failed to state a claim for breach of the stock option agreement. Under this agreement, if certain conditions are met, Palda has an option to purchase 600 shares of common stock of General Dynamics Corporation at $60.94 per share. This agreement states that "This Option may be exercised on or after 11 September, 1993 ..." The portion of the agreement dealing with exercise after termination states:

5. **Exercise After Termination of Employment or Death:** "The Provisions covering the exercise of this Option following termination of employment are as follows:

.    .    .    .    .

(b) If the Option Holder's employment shall terminate as a result of any circumstances other than those enumerated in the subparagraph (a) above, the Option shall be exercised during the three month period following termination of employment, to the extent the option is exercisable at the time of termination.

The district court, Palda, and General Dynamics have each interpreted the agreement in a different manner. In dismissing the complaint, the district court interpreted the language of the Agreement, concluded it was "unambiguous," and held that Palda had waived his right to exercise the stock options because he did·not do so within three months of his termination. The court stated: "under paragraph 5(b) of the stock option agree-

---

2. Given our holding that Palda failed to plead shareholder approval, we do not address whether Palda sufficiently pleaded either the occurrence of a "reorganization" or a shift in ownership of the shares. Furthermore, although the district court did not expressly rest its decision

on this ground, it is well settled that we may affirm the district court's decision to dismiss on any adequate ground contained in the record. *Cushing*, 3 F.3d at 1167; *American Federation of State, County and Mun. Employees v. Tristano*, 898 F.2d 1302, 1305 (7th Cir.1990).

ment, he had three months to exercise his options. He didn't do it." Palda argues that the court misinterpreted the language of the agreement and that the three month period is tolled until the option holder's first opportunity to exercise the option by the express terms of the agreement—September 11, 1993. General Dynamics maintains that because Palda could only exercise his options to the extent they were exercisable on the date of his termination, he could not do so at all because he could not have exercised them on his termination date.

■ Where a plaintiff's cause of action arises out of a contract which is attached to the complaint as an exhibit, and such attachment shows unambiguously on its face that the relief prayed for is not merited, dismissal is both justified and appropriate. *Hicks v. Clyde Federal Sav. & Loan,* 696 F.Supp. 387, 389 (N.D.Ill.1988); *Goodman v. Board of Trustees Community College Dist. 524,* 498 F.Supp. 1329, 1337 (N.D.Ill.1980). We need only look to the contract itself to determine whether Palda could have alleged any facts sufficient to state a claim, *see Hoosier Energy,* 34 F.3d at 1318, n. 4, and the plain language of this agreement makes it clear that Palda cannot do so.

Paragraph 5(b) allows a terminated employee to exercise the Option "to the extent the Option is exercisable at the time of the termination." Given this plain language, Palda cannot recover because his option was extinguished before it was exercisable. Paragraph 2 expressly states that the option is not exercisable until, at the earliest, September 11, 1993. Palda was terminated on May 24, 1993, a time at which the option was not exercisable. Had Palda been terminated after September 11, 1993, we would have a different case, but the fact that the termination occurred prior to the earliest date at which the Option became exercisable precludes Palda from recovery.

For the foregoing reasons, the district court's dismissal of Palda's claim is AFFIRMED.

AFFIRMED.