Mary S. WILSON and Clyde Wilson, Plaintiffs,

v.

UNITED STATES of America, Defendant and Third–Party Plaintiff,

v.

PICOM INSURANCE COMPANY OF ILLINOIS, Third–Party Defendant.

No. 96 C 50419.

United States District Court, N.D. Illinois, Western Division.

Sept. 19, 1997.

**1158**

Edward M. Rubin, Goldberg, Weisman and Cairo, Ltd., Chicago, IL, for Plaintiffs.

Michele S. Schroeder, U.S. Attorney's Office, Rockford, IL, John Lingner, III, Kakacek & Lingner, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

REINHARD, District Judge.

### INTRODUCTION

In 1995, plaintiffs, Mary S. Wilson and Clyde Wilson, filed a two-count complaint against Dr. David Schleicher in the Circuit Court of Winnebago County, Illinois. Count I of the complaint alleged that Dr. Schleicher was negligent in providing medical care and treatment to Mary Wilson. Count II of the complaint alleged that as a result of Dr. Schleicher's negligence, Clyde Wilson suffered the loss of consortium with his wife. The United States substituted itself as defendant in place of Dr. Schleicher and removed the case to this court pursuant to 42 U.S.C. § 233. In September of 1995, the court dismissed plaintiffs' complaint for failure to exhaust administrative remedies as required under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2675.

Plaintiffs reinstituted suit against Dr. Schleicher in December 1996. The United States again substituted itself as defendant in place of Dr. Schleicher. In April 1997, the United States filed a third-party complaint against Picom Insurance Company of Illinois (Picom) alleging that Picom insured Dr. Schleicher for medical malpractice at the time in question and that Picom has failed in its duty to indemnify the United States as Dr. Schleicher's subrogee. The United States also moved the court to dismiss Count II because of Clyde Wilson's failure to exhaust administrative remedies. The court granted the United States' motion to dismiss Count II of the complaint in June 1997. Pending before the court is third-party defendant Picom's motion to dismiss the third-party complaint for failure to state a claim for which relief can be granted. Fed. R.Civ.P. 12(b)(6).

### FACTS

All facts are taken from the well-pleaded third-party complaint and the documents filed in connection with the pending motion. On and about June 28, 1994, David Schleicher, M.D. was a physician and surgeon duly licensed to practice his profession in the State of Illinois. He was employed by the Crusader Clinic in Rockford, Illinois and, in his professional capacity, provided care and treatment to Mary Wilson. As a part of that treatment, Dr. Schleicher ordered and administered a procedure known as a cervical cryosurgery. Mary Wilson's claim of medical malpractice arises from the cervical cryosur-

gery procedure which was performed on her on or about June 28, 1994.

In 1993, Congress amended 42 U.S.C. § 233 to extend the FTCA protection of federally supported health centers.[1] The amendment sought to eliminate the expense borne by federally funded health centers for medical malpractice insurance so that more funds could be used for patient care. H.R.Rep. No. 104-398, at 5 (1995), *reprinted in* 1995 U.S.C.C.A.N. 767. The Crusader Clinic in Rockford, Illinois is a federally supported health center, and, therefore, the clinic and its physicians are protected under certain circumstances by the FTCA. Such circumstances existed in the present case, as the government assumed responsibility for the case by substituting itself as the defendant. In its effort to do so, the government certified that David Schleicher, M.D., the original named defendant, was acting within the scope of his employment and deemed him to be an employee of the United States when the incident in question occurred. *See* 42 C.F.R. § 6.6(c).

At the time of the alleged malpractice, the Crusader Clinic and its physicians were also insured under a comprehensive plan by Picom Insurance Company of Illinois. Under that insurance policy, however, certain exclusions were listed. Specifically, paragraph M provided that the insurance policy did not apply "to liability of any INSURED arising out of the rendering or failure to render PROFESSIONAL SERVICES as an employee of any government agency, institution or facility by any INSURED or by any person for whose acts or omissions any INSURED is legally responsible" (emphasis in original).

## CONTENTIONS

In support of its motion to dismiss for failure to state a claim, Picom contends that the straightforward language of its policy, which outlines an exclusion of coverage for government employees, applies to the original named defendant, Dr. Schleicher. Picom further cites to the numerous and unequivocal certifications and admissions made by the United States that Dr. Schleicher was acting within the scope of his employment as an employee of the United States at the time of the incident in question and maintains that Dr. Schleicher is excluded from Picom's insurance policy on its terms. Thus, Picom argues, the United States, as the substituted defendant, is also excluded from the policy.

The United States responds to Picom's motion by contesting the application of Exclusion M to Dr. Schleicher because he was not actually an employee of the United States, but was merely deemed to be a federal employee for the limited purpose of invoking protection under the FTCA. In support of this argument, the United States postulates that the *deeming* of someone to be a federal employee does not equate with *being* a federal employee for all purposes. According to the United States, it therefore follows that because Dr. Schleicher was not actually a federal employee for all purposes at the time of the alleged malpractice, the express language of the insurance policy does not exclude Dr. Schleicher from coverage. Moreover, if Dr. Schleicher is not excluded from coverage by the express terms of the insurance policy, then the United States, as the substituted defendant, can subrogate his claim and is entitled to benefits from Picom.

Alternatively, the United States responds by stating that the language of the insurance policy exception is not express, but rather ambiguous, and that therefore the policy must be construed in favor of the insured. The United States, however, does not offer any other reasonable interpretations of the exclusionary clause to support its argument of ambiguity and merely points out that the policy does not include a definition of what constitutes a federal employee, something which would be unnecessary if the policy was not ambiguous.

The United States further responds by stating that section (g)(2) of the statute expressly provides for the subrogation of any claims for benefits under an insurance policy with respect to medical malpractice. *See* 42 U.S.C. § 233(g)(2). They argue that this subrogation provision must be read to allow

---

1. Section 233(g) was added to the existing statute and extended FTCA protection of federally supported health centers. 42 U.S.C. § 233(g). This subsection became effective January 1, 1993 and is applicable to the case at hand. *See* 42 U.S.C. § 233(g)(3).

the United States to take advantage of insurance coverage in situations where a federally funded clinic has actually paid for comprehensive insurance coverage. The United States, however, fails to provide further support for the contention that Dr. Schleicher, and subsequently the United States, had a claim for benefits under the policy in the first place which would in turn trigger such a subrogation right.

Lastly, the United States responds by pointing out that a comprehensive insurance policy is of limited value for a federally supported health center which is protected under the FTCA. The United States asserts that it intends to present facts which would show that the Crusader Clinic overpaid Picom for the coverage which it received, if indeed the coverage was of a limited nature, and then concludes that if Crusader Clinic did in fact overpay because the policy was limited, then the policy in question should be construed to be of a comprehensive nature. In other words, the United States argues that regardless of what the policy actually insures, the Crusader Clinic should get what it paid for, namely comprehensive insurance coverage.

Picom replies by referencing the court to section (g)(1)(F) which states that once a determination is made by the government that an employee is deemed to be an employee of the Public Health Service for purposes of this section, that "determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding". 42 U.S.C. § 233(g)(1)(F). Thus, Picom's argument is that once the United States has deemed Dr. Schleicher to be an employee of the Public Health Service, it cannot then later refute that determination to suit another purpose. Moreover, Picom gave voice to its dismay that the United States seems to be avoiding its own judicial admissions and argues that the United States should be equitably estopped from contradicting itself and thereby prejudicing Dr. Schleicher, plaintiff, and the state and federal courts which have administered this case to date.

## DISCUSSION

■ To dismiss a claim pursuant to Rule 12(b)(6), a court must find beyond a doubt that plaintiff can plead no facts that would support plaintiff's claim for relief. *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 874 (7th Cir.1995) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). On review of a motion to dismiss for failure to state a claim, a court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of plaintiff. *Chaney v. Suburban Bus Div. of the Reg'l Transp. Auth.*, 52 F.3d 623, 626 (7th Cir.1995). Furthermore, a court is to consider only the sufficiency of the allegations, not the sufficiency of the evidence to determine whether dismissal is appropriate. *Ed Miniat, Inc. v. Globe Life Ins. Group*, 805 F.2d 732, 738 (7th Cir.1986). Where plaintiff's cause of action arises out of a contract which is attached to the complaint as an exhibit, such attachment will be considered in an assessment of the sufficiency of the allegations. *Palda*, 47 F.3d at 876.

■ In the complaint at issue, the United States as the third-party plaintiff attached the insurance policy involved as an exhibit to its complaint and alleged that no policy provision excluded coverage of Dr. Schleicher at the time he performed the suspect surgical procedure on Mary Wilson. This court finds that the attached policy directly contradicts the United States' allegation in the third-party complaint and that the policy shows unambiguously on its face that Dr. Schleicher was excluded from the policy for the alleged malpractice in contention. Thus, the third-party complaint is insufficient to state a cause of action, and dismissal of the third-party complaint is proper pursuant to Rule 12(b)(6).

In arriving at this determination, the court first examines the jurisdictional requirements that exist when the United States is named as a defendant in a lawsuit. Under 28 U.S.C. § 1346(b)(1), when the United States is called upon to defend a case instituted because of the alleged negligence of an employee of the government while within the scope of his employment, the law of the place where the act or omission occurred is applied. Thus, Illinois law is to be applied in this case to interpret Picom's insurance policy.

In Illinois, the interpretation of insurance policies is a matter of law and the language of an insurance policy must be read according to its plain and ordinary meaning. *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1382 (7th Cir.1995). Where ambiguity in a policy exists, however, the policy must be resolved in favor of the insured. *Allen v. Transamerica Ins. Co.*, 115 F.3d 1305, 1309 (7th Cir.1997). In examining Picom's insurance policy, this court is hard pressed to find any ambiguity in exclusion M and as construed against any other provisions of the insurance contract. The plain language of the exclusion spells out on its face that the insurance policy does not apply to the liability of any insured arising out of the rendering of professional services as an employee of any government agency, institution, or facility. No further definition of what constitutes a government employee is necessary.

The only question which remains then is whether Dr. Schleicher was rendering services as an employee of a government agency, institution, or facility at the time he performed surgery on the plaintiff. The answer lies in the United States' own certifications as such. The United States certified to this court on several occasions that Dr. Schleicher was acting within the scope of his employment as an employee of the Public Health Service at the time of the incident. The court is unconvinced by the argument that exactly the same acts or omissions which allow the United States to "deem" that Dr. Schleicher was a federal employee who was, in effect, insured by the government, do not also deem him to have been acting as a government employee for purposes of his exclusion from coverage by Picom's insurance policy. The United States simply cannot have it both ways.

Further support for this court's finding that the deeming of a federal employee is conclusive can be found in section 233(g)(1)(F). That section states that once a determination has been made deeming a person to be an employee of the Public Health Service, that determination shall be final and binding upon all parties to any civil action or proceeding including the Secretary and Attorney General. 42 U.S.C. § 233(g)(1)(F). Thus, the deeming of Dr. Schleicher to be a federal employee is binding on the government as a party to the civil action at hand.

Because Dr. Schleicher was rendering professional services as a government employee when the alleged malpractice took place and coverage of such acts was expressly excluded from the insurance policy, Dr. Schleicher does not have a claim for benefits against Picom. Consequently, the United States, as the substituted defendant, cannot acquire a claim for benefits from the Picom Insurance Company. *See* 42 U.S.C. § 233(g)(2).

### CONCLUSION

For the foregoing reasons, the court grants third-party defendant Picom's motion to dismiss the United States' third-party complaint for failure to state a claim pursuant to Rule 12(b)(6).