**Taurus DOWDELL, Plaintiff,**

v.

**J.W. FAIRMAN, Exec. Dir. Cook County D.O.C., and correctional officers Orpheus Hannah, Paris Patterson, Victor Thomas, Rolando Gonzalez, Steven Tate, and Walter Hibler, Defendants.**

No. 97 C 1370.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 11, 1998.

Taurus Dowdell, Joliet, IL, Virginia C. Leete, Donohue, Brown, Mathewson & Smyth, Chicago, IL, John Augustine Krivicich, Donohue, Brown, Mathewson & Smyth, Chicago, IL, for Plaintiff.

David Adelman, State's Attorney of Cook County, Chicago, IL, Terry L. McDonald, Allen Stewart Kirsh, Cook County State's Attorney, Chicago, IL, Thomas Vincent Lyons, Cook County State's Attorney's Office, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Taurus Dowdell, sued the defendants, J.W. Fairman, Executive Director of the Cook County Department of Corrections, and correctional officers Orpheus Hannah, Paris Patterson, Victor Thomas, Rolando Gonzalez, Steven Tate, and Walter Hibler ("correctional officers"), for violation of his civil rights under 42 U.S.C. § 1983. Mr. Fairman moves to dismiss the case. For the following reasons, the motion is granted.

### Background

Taurus Dowdell alleges that at approximately 8:30 p.m. on April 23, 1995, while an inmate at the Cook County Jail, he attended religious services. (Amend.Comp.¶ 7). Mr. Dowdell claims that while attending religious services the correctional officers assaulted and beat him. (Amend.Comp.¶¶ 8, 11). Mr. Dowdell alleges the beating was unprovoked and that in an attempt to cover-up the beating the correctional officers accused him of carrying a concealed weapon. (Amend. Comp.¶ 12). Mr. Dowdell also states that the correctional officers filed a false report of the incident. (Amend.Comp.¶ 13). Although Mr. Fairman was not present at the time of the beating, Mr. Dowdell sues Mr. Fairman for failing to properly train, supervise, and control the other defendants. (Amend. Comp.¶ 6).

### Supervisor Liability

 Mr. Dowdell sues Mr. Fairman, in his individual capacity, "for his own culpable ac-

tion and inaction in the training, supervision, and control of his subordinates, the remaining defendants." (Amend.Comp.¶ 6). This is the only allegation against Mr. Fairman.

There is no supervisor liability or respondeat superior liability under Section 1983. *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir.1994) (citations omitted). Thus, to succeed with his claim, Mr. Dowdell must show Mr. Fairman was personally involved in the conduct that led to his alleged beating. "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988). Supervisors must "act either knowingly or with deliberate, reckless indifference." *Id.* at 992–93.

Mr. Dowdell's complaint only provides a conclusory allegation of liability. The complaint is devoid of any factual allegation that Mr. Fairman knew about the correctional officers' conduct towards Mr. Dowdell or that Mr. Fairman was aware of other instances of misconduct by correctional officers and turned a blind eye to that conduct. "While federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim." *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir.1996). "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995) (citations omitted).

Mr. Dowdell's conclusory allegation is insufficient to state a claim for individual liability against Mr. Fairman. *Accord Lojuk v. Quandt*, 706 F.2d 1456, 1468 (7th Cir. 1983) (dismissing a claim because bare allegation that inadequate supervision led to violation of plaintiff's constitutional rights was insufficient to show superior's personal responsibility). If Mr. Dowdell has other factual allegations that would indicate personal involvement by Mr. Fairman, he may amend his complaint.

*Conclusion*

For the foregoing reasons, Mr. Fairman's motion to dismiss is granted.