60 F.3d 381
 33 Fed.R.Serv.3d 100
 James P. McTIGUE, Plaintiff-Appellant,
v.
CITY OF CHICAGO; Personnel Board of the City of Chicago;
Benjamin Reyes; Roger J. Balla; Rev. Lucius
Hall; Timothy J. Johns; and Robert G.
Gibson, Defendants-Appellees.
 No. 94-2711.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 3, 1995.
Decided July 25, 1995.
 
 Gilbert A. Cornfield (argued), Cornfield & Feldman, Chicago, IL, for James P. McTigue.
 Lawrence Rosenthal, Deputy Corp. Counsel, Ann Berleman (argued), Benna R. Solomon, Stuart D. Fullerton, Amy E. Neuman, Susan S. Sher, Angela C. Thomas, Office of Corp. Counsel, Appeals Div., Chicago, IL, for City of Chicago, Personnel Bd. of City of Chicago, Benjamin Reyes, Roger J. Balla, Lucius Hall, Timothy J. Johns and Robert G. Gibson.
 Before RONEY,* BAUER, and KANNE, Circuit Judges.
 RONEY, Circuit Judge.
 
 
 1
 James McTigue was fired from his position with the City of Chicago. In the instant action he sued the City for a violation of 42 U.S.C. Sec. 1983, alleging a deprivation of due process because the Personnel Board was biased against employees. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. We affirm.
 
 
 2
 On May 5, 1992, McTigue, a tenured employee of the City of Chicago, was discharged from his job by Benjamin Reyes, the Commissioner of Chicago's Department of General Services. McTigue appealed his discharge to the Personnel Board of the City of Chicago. The Board held a hearing and on October 7, 1992, upheld the discharge. McTigue filed in state court for a writ of certiorari and subsequently sought leave to add a claim pursuant to 42 U.S.C. Sec. 1983. The state court denied the motion to amend, granted McTigue's petition for review, and granted injunctive relief, ordering the Personnel Board to rehear the discharge case. Prior to the state court decision, McTigue brought the instant section 1983 action, alleging that he was denied property without due process of law. McTigue amended his complaint, and on June 30, 1994, the district court dismissed the amended complaint opining that McTigue: (1) failed to allege sufficient facts to plead a due process claim, and (2) nonetheless, has no due process claim because adequate state procedural remedies were available to him.
 
 
 3
 We review de novo and accept as true the well pleaded allegations of the complaint and the reasonable inferences drawn therefrom. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734 (7th Cir.1994).
 
 
 4
 A local governmental unit is subject to suit under 42 U.S.C. Sec. 1983. Respondeat superior will not suffice to impose section 1983 liability on the City. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978). The municipality's policy must be the source of the discrimination. Baxter by Baxter v. Vigo County School Corp., 26 F.3d at 735. Case law recognizes three ways in which a municipality's policy can violate an individual's civil rights: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law'; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.' " Id. at 734-35 (citations omitted). Although it is undisputed that McTigue was deprived of a property interest under color of state law, McTigue has failed to plead additional facts sufficient to state a cause of action under any of the above theories.
 
 Paragraph 8 of McTigue's complaint reads:
 
 5
 8. Since at least 1990, employees, including Plaintiff, who are disciplined by the City of Chicago, have not received fair and impartial hearings before the Personnel Board or before the Personnel Board's Hearing Officers. Rather, pursuant to a policy, practice and well established custom of the City of Chicago and its Personnel Board, the Personnel Board and its Hearing Officers have been biased and partial against the employees and in favor of the City.
 
 
 6
 McTigue asserts that this paragraph satisfies the minimum requirements of notice pleading. The complaint, however, is deficient because it fails to include a factual basis to describe with any particularity the bias that the plaintiff alleges. Although Fed.R.Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury. "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist, are insufficient.... The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." Baxter by Baxter, 26 F.3d at 736 (citations omitted, brackets in original).
 
 
 7
 The rest of McTigue's complaint merely alleging a win-lose record does not cure this deficiency. Paragraphs 9 through 11 of the complaint read:
 
 
 8
 9. Between 1990 and 1992, inclusive, decisions were issued by the Personnel Board in 54 discipline cases in which AFSCME Counsel 31 (AFSCME) represented the employee, including the decision upholding Plaintiff's discharge. Of these 54 cases, the employee won only 2, lost 41 and split 11. A "split" decision, within the meaning of this Complaint, is one in which some discipline was imposed, but less than was sought by the City.
 
 
 9
 10. Breaking down the Personnel Board results by year, in 1990, the AFSCME-represented employees won 2, lost 14 and split 6. In 1991, the employees won 0, lost 6 and split 2. In 1992, the employees won 0, lost 21 and split 3.
 
 
 10
 11. By contrast, between 1990 and 1992, inclusive, decisions were issued by neutral arbitrators in 71 cases between the City of Chicago and AFSCME, including 4 discipline cases. Of these 71 cases, AFSCME won 37, lost 32 and split 2. Of the 4 discipline cases arbitrated before neutrals, AFSCME won 3 and lost 1.
 
 
 11
 Nowhere is it alleged with any particularity how these statistics reflect an improper City policy. The figures merely suggest that cases before arbitrators were won by union members more than those before the Personnel Board. Even assuming bias somewhere, there is no base to measure Personnel Board bias vis-a-vis arbitrator bias. The statistics do not reflect what difference there is between the cases that go before each body. To allege that different cases before different bodies have different rates of success, and nothing more, is insufficient to satisfy even the loose requirements of notice pleading. Accordingly, we AFFIRM the district court's dismissal of McTigue's amended complaint.
 
 
 12
 Since the above analysis disposes of the case, we need not discuss the second issue raised by the district court's decision that the existence of state remedies bars McTigue's action, even if properly pled.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Paul H. Roney, Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation