78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence BLEDSOE, Plaintiff-Appellant,
v.
Solita PANDIT, Jack O'Malley, and County of Cook, Illinois,
Defendants-Appellees.
 No. 95-3086.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 29, 1996.*
Decided March 7, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In this appeal, Lawrence Bledsoe contests the district court's vacation of its earlier order of default against the defendants and its dismissal of Bledsoe's complaint brought pursuant to 42 U.S.C. § 1983.
 
 
 2
 On July 8, 1994, a Cook County, Illinois grand jury returned an indictment against Lawrence Bledsoe charging him with aggravated stalking, 720 ILCS 5/12-7.4. Bledsoe was arraigned on July 29, 1994, and ordered held by the Cook County Department of Corrections ("CCDOC") because he could not post bail. On December 21, 1994, the indictment was dismissed due to defects in its description of Bledsoe's predicate acts of stalking;[1] it was, however, superseded by a second, corrected indictment charging Bledsoe with the same offense based upon the same predicate acts. The order dismissing the first indictment noted that it was superseded by a second indictment and that the original bond was to stand, and so--although the record does not state--we presume that Bledsoe's incarceration in CCDOC continued uninterrupted.
 
 
 3
 On April 28, 1995, Bledsoe pleaded guilty to aggravated stalking as charged in the second indictment. The Cook County Circuit Court sentenced Bledsoe to time served plus two years' probation. Bledsoe later made a motion to withdraw his guilty plea, which the trial court denied. Bledsoe then filed for state post-conviction relief, 725 ILCS 5/122-1, which--so far as the record reveals--is currently pending in state court.
 
 
 4
 Meanwhile, on April 17, 1995, Bledsoe filed the present § 1983 suit against Cook County, Jack O'Malley, the State's Attorney for Cook County, and Solita Pandit, the Assistant State's Attorney who obtained the original indictment against Bledsoe. In his suit, Bledsoe sought more than a half billion dollars in damages for the time he was incarcerated in CCDOC on the defective indictment--that is, Bledsoe sought damages solely for his incarceration from July 29, 1994 through December 21, 1994.
 
 
 5
 The defendants were served with process between June 5 and June 7, 1995. They did not answer within twenty days, and so, on July 10, 1995, Bledsoe moved for entry of a default order against them. The next day, July 11, counsel for the defendants filed a notice of appearance and gave Bledsoe notice that she would seek an extension of time in which to respond to Bledsoe's complaint. On July 17, the district court entered an order of default against the defendants.
 
 
 6
 On July 19, 1995, both parties appeared in court. Counsel for the defendants informed the court that Bledsoe had pleaded guilty to the superseding indictment and that his motion for post-conviction relief was still pending in state court. The district court vacated its order of default against the defendants and dismissed Bledsoe's complaint without prejudice, stating "I'm going to dismiss this case now because you need to complete whatever is going to happen in the state court.... What I'm saying is that the dismissal today is not ruling on whether you're right about them [the defendants] depriving you of that time [spent in CCDOC pursuant to the defective indictment]. It's just saying that it's too early."
 
 
 7
 On August 9, 1995, the district court denied two post-judgment motions Bledsoe filed seeking relief from both the court's order of dismissal and from the court's order vacating the entry of default against the defendants. This appeal followed.
 
 
 8
 Bledsoe's argument on appeal, in its entirety, states:
 
 
 9
 Judge Williams abused her discretion and usurped her power in denying Mr. Bledsoe's motions filed 8/9/95 and entering judgment by dismissal on 8/9/95. Judge Williams' [sic] order and judgment by dismissal of 8/9/95 is void.
 
 
 10
 Federal Rule of Appellate Procedure 28(a)(5), however, requires that "[t]he argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities ... relied on." Bledsoe's argument does not satisfy Rule 28(a)(5)--he presents only his conclusions, with no argument or explanation, and no citation to any legal authority to support those conclusions. Although Bledsoe is appearing pro se--and we liberally construe the arguments of pro se appellants--this court has no duty to raise or advance arguments on Bledsoe's behalf when Bledsoe himself has failed to do so. Tyler v. Runyon, 70 F.3d 458, 466 (7th Cir.1995). Accordingly, he has forfeited his argument on appeal. Luddington v. Indiana Bell Telephone Co., 966 F.2d 225, 230 (7th Cir.1992), cert. denied, 114 S.Ct. 1641 (1994); Salazar v. City of Chicago, 940 F.2d 233, 242-43 (7th Cir.1991).
 
 
 11
 Even if we were to reach the merits of Bledsoe's appeal, we would affirm the district court. The district court's vacation of its entry of default against the defendants is subject to review for abuse of discretion, Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir.1994), and we can see no such abuse here: the defendants showed good cause for their default, they immediately corrected the default, and they had meritorious defenses to the plaintiff's claims. Accordingly, the district court did not abuse its discretion in vacating its entry of default. Id.
 
 
 12
 Similarly, the district court did not err in dismissing Bledsoe's complaint. Pandit is entitled to absolute immunity from suit under § 1983 for her actions in seeking the indictment against Bledsoe before the grand jury. Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2616 (1993). O'Malley is not liable under § 1983: he cannot be held liable for Pandit's actions under the doctrine of respondeat superior, and Bledsoe made no claim in his complaint that O'Malley knew of, condoned or recklessly turned a blind eye toward any violation of Bledsoe's constitutional rights. Kernats v. O'Sullivan, 35 F.3d 1171, 1182 (7th Cir.1994). Finally, Cook County is not liable under § 1983: Bledsoe's complaint does not allege that any explicit or implicit policy of Cook County or any person with final policymaking authority within the county caused his claimed constitutional injury. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir.1995). Accordingly, Bledsoe's complaint did not state any grounds entitling him to relief, and the district court therefore did not err in dismissing it.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The basis for this dismissal is not clear: the record contains two different Motions to Dismiss the indictment. One argued that the indictment incorrectly charged Bledsoe with placing his victim "under surveillance" by remaining present inside of her place of work, although the correct charge for this predicate conduct should have been "following his victim." The other argued that the indictment listed incorrect dates on which Bledsoe followed and threatened his victim. Nonetheless, it makes no difference for the purpose of this appeal on which of these bases the Cook County Circuit Court dismissed the indictment