134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ellis M. HENDERSON, Plaintiff-Appellant,
v.
Michael F. SHEAHAN, Cook County Sheriff, Individually and in
his Official Capacity; Unknown Mittimus Record Clerk,
Unknown Mail Room Clerk, and Employees of the Sheriff of
Cook County, Defendants-Appellees.
 No. 95-3279.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1997.*
Decided Dec. 29, 1997.
 
 Before FAIRCHILD, CUMMINGS, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Ellis Henderson, a former pre-trial detainee at the Cook County Department of Corrections ("CCDOC"), brought this civil rights action against Michael Sheahan, individually and in his official capacity as the Cook County Sheriff, and a number of other unknown employees of the Cook County Sheriff's Office (collectively, "the defendants"). See 42 U.S.C. § 1983. Henderson alleges that he was denied his constitutional right to vote pursuant to customs and policies of the CCDOC; that he was held without bond; and that his First Amendment rights, applied to the states through the Fourteenth Amendment, were violated when an unidentified CCDOC mailroom clerk removed the hard cover of Henderson's newly-purchased book before delivering it to him. The district court dismissed Henderson's action for failure to state a claim under Fed.R.Civ.P. 12(b)(6), explaining that his complaint was not properly lodged against Sheahan in his individual capacity; that Henderson's right-to-vote allegation amounted to an isolated incident rather than a harm caused by official policy or custom; and that Henderson had not suffered a First Amendment harm. On appeal, Henderson argues that the district court erred with respect to his right-to-vote and First Amendment claims. We affirm.
 
 
 2
 While Henderson was being held at CCDOC on charges unspecified in the record, he entered a plea agreement in exchange for a twenty-five year sentence. Henderson then withdrew his plea; the judge struck the plea, vacated the sentence and reinstated the amount of Henderson's bond. Notification was sent by the clerk of court to the county jail reflecting Henderson's changed status, but it was apparently not entered in CCDOC's records. Henderson alleges that because he was thus incorrectly listed as a convicted felon serving a twenty-five year sentence rather than as a pre-trial detainee, he was "denied the right to vote in every election" from December 23, 1991, when the judge vacated his sentence, until June 10, 1994, when Henderson filed his complaint. In support of his claim, he submitted what appears to be an Illinois voter's registration slip dated Feb. 1, 1994.
 
 
 3
 Henderson's complaint alleges that Sheahan's position as the "elected Sheriff of Cook County" makes him "responsible for the day-to-day operations of the Cook County Jail, including the implementation and execution of all policies" related to inmate record keeping; that Sheahan is the "ultimate decision-maker"; and that Henderson's constitutional rights were violated because of the "deliberate indifference" of an unknown record keeper "acting pursuant to the policies and customs of Sheahan." He suggests in his brief that CCDOC's "computer database" is so woefully inadequate, its shortcomings so "plainly obvious," Board of the County Comm'rs v. Brown, 117 S.Ct. 1382, 1392 (1997); West v. Waymire, 114 F.3d 646, 651-52 (7th Cir.) cert. denied, 118 S.Ct. 337 (1997), and so likely to result in constitutional violations that Sheahan's failure to do anything about the situation constitutes deliberate indifference to the rights of prisoners.
 
 
 4
 This court must accept as true all of Henderson's well-pleaded facts, allegations and the reasonable inferences drawn therefrom under Fed.R.Civ.P. 12(b)(6). See Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir.1997). Ordinary notice pleading is likewise sufficient to bring a civil rights action against governmental entities under section 1983, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 165-66 (1993); Gustafson v. Jones, 117 F.3d 1015, 1022 (7th Cir.1997), though the plaintiff's complaint must provide the defendant "fair notice" of the claim and "the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957); Jackson v. Marion County, 66 F.3d 151, 152 (7th Cir.1995); Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir.1994). Because Henderson's claim against Sheahan in his official capacity is really a claim against the Cook County Sheriff's Department, see Gossmeyer, 128 F.3d at 494; Ruehman v. Sheahan, 34 F.3d 525, 528 (7th Cir.1994), he must assert some factual basis to suggest that the CCDOC records department maintains an express policy of denying its inmates the right to vote, see McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir.1995); that its practice of denying voting rights, though unauthorized or unwritten, is "so widespread as to have the force of law," Brown, 117 S.Ct. at 1388; or that Sheahan, "a person with final policymaking authority," McTigue, 60 F.3d at 382, made "a deliberate choice" to deny the inmates' right to vote, West, 114 F.3d at 651, that is, he knew of and condoned the constitutional deprivation or acted with deliberate indifference to it, "turn[ing] a blind eye for fear of what [he] might see," Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 477 (7th Cir.1997).
 
 
 5
 Henderson's voting rights complaint against CCDOC or Sheahan cannot survive a motion to dismiss. The only incident that Henderson has alleged concerning the existence of a CCDOC records department policy or custom affecting the voting rights of prisoners is that his own status as a pre-trial detainee was not properly recorded. This falls woefully short of the showing necessary to suggest a CCDOC policy or custom. See Brown, 117 S.Ct. at 1388; Gustafson, 117 F.3d at 1021-22; McTigue, 60 F.3d at 382-83; Baxter, 26 F.3d at 730. Even the most liberal construction of Henderson's pro se complaint, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 790 (7th Cir.1995), does not suggest that this incident was anything other than the "isolated independent tort of an individual employee," Strauss v. City of Chicago, 760 F.2d 765, 770 (7th Cir.1985); see also West, 114 F.3d at 649-50. Henderson's claim against Sheahan in his individual capacity likewise fails: Henderson does not contend that Sheahan was involved in, knew of, or personally acted with deliberate indifference to CCDOC's failure to properly record his change of plea. See Gossmeyer, 128 F.3d at 495; Lanigan, 110 F.3d at 477. The defendants' motion to dismiss was properly granted on this claim.
 
 
 6
 Henderson next alleges that his First Amendment rights were violated when an unknown CCDOC mail room employee removed the hard cover of a book he had purchased before delivering it to him. Henderson has not stated a cognizable First Amendment claim. The defendants have admitted a CCDOC policy of removing the hard covers of books sent to inmates; indeed, such a practice was noted (if not suggested) by this court in Jackson v. Elrod, 881 F.2d 441, 445-46 (7th Cir.1989), as a means of balancing the legitimate security concerns of prison officials and the First Amendment right of inmates to receive literature. Prison policies that are reasonably related to legitimate penological interests, and security is a legitimate penological interest, must be given considerable deference. See Thornburgh v. Abbott, 490 U.S. 401, 413-15 (1989); Turner v. Safley, 482 U.S. 78, 89-90 (1987); Bell v. Wolfish, 441 U.S. 520, 547-48 (1979). Removing the hard covers of books sent to inmates appears neither unreasonable nor unconstitutional. The district court's dismissal of Henderson's First Amendment claim was also proper.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)