**Robert SAMUEL and Augustine Samuel, Plaintiffs,**

v.

**CITY OF CHICAGO, a municipal Corporation, Michael Callahan, Bernard Kelly, Michael Mullen and John Doe, Defendants.**

No. 98 C 3377.

United States District Court,
N.D. Illinois,
Eastern Division.

March 17, 1999.

Mary R. Minella, John Christopher Mullen, Christopher Mullen, Mullen and Minella, Chicago, IL, Michael T. Mullen, Paul B. Episcope, Ltd., Chicago, IL, for Robert Samuel, Augustine Samuel.

Brian L. Crowe, Thaddeus S. Machnik, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, Michael W. Early, City of Chicago, Dept. of Law, Chicago, IL, for City of Chicago, Matt Rodriguez, Fred Coffey.

Thomas Joseph Platt, Robert W. Barber, Michael P. Sheehan, City of Chicago, Dept. of Law, Chicago, IL, for Michael Callahan, Michael Mullen, John Doe.

Steven M. Yarosh, Josh Michael Engquist, City of Chicago, Law Dept., Chicago, IL, for Bernard Kelly.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Before the court is Defendant City of Chicago's ("City") Motion to Dismiss Count III of Plaintiffs' Amended Complaint at Law, containing a § 1983 "official policy" claim against the City. The City's motion is filed pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons stated below, the City's Motion is granted.

## FACTUAL BACKGROUND[1]

On or about June 7, 1997, at approximately 3:00 p.m., Plaintiff Robert Samuel was feeling ill and stopped to rest in his parked car at the Amoco gas station located at the corner of 103rd Street and Torrence Avenue in the City of Chicago. (Am.Compl.¶ 9.) Approximately one hour later, while Samuel was resting in his car, Defendants Michael Callahan and Michael Mullen, both Chicago police officers, approached and entered Plaintiff's car, allegedly kicked and punched Samuel on various parts of his body, and removed him from his car without provocation, need or explanation. (Am.Compl.¶ 10.) Defendants Callahan and Mullen subsequently took Samuel from the gas station parking area, informed him that he was under arrest, handcuffed him, and transported him

---

1. The court has taken these facts from the well-pleaded allegations contained in Plaintiffs' Amended Complaint which, for purposes of Defendants' Motions to Dismiss, are deemed true. *See, e.g. Jones v. General Elec. Co.,* 87 F.3d 209, 211 (7th Cir.1996).

to the Fourth District Police Station. (Am.Compl.¶ 11.) Samuel was held and detained for approximately 11 hours, until approximately 3:00 a.m. on June 8, 1997. (Am.Compl.¶ 14.)

During the 11 hours that Samuel was detained, he repeatedly informed the officer on duty, Defendant John Doe, that he required insulin due to his diabetic condition. Samuel was not permitted access to insulin by the officers on duty at the Fourth District Police Station, and eventually, at 3:00 a.m. on June 8, 1997, Plaintiff was transported by the police to EHS Trinity Hospital. (Am.Compl. ¶¶ 15, 17.)

Samuel allegedly suffered an aggravation of his pre-existing heart condition and diabetic condition as a result of Defendants' actions, as well as contusions, lacerations and other injuries about his legs, abdomen, chest and head. He remained at EHS Trinity Hospital for three weeks until he was transferred to Michael Reese Hospital, where he remained for another three weeks. (Am.Compl.¶¶ 16, 17.)

### ANALYSIS

### I. MOTION TO DISMISS STANDARD

On a motion to dismiss, the court takes all of the well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See, e.g., Wilczynski v. Lumbermens Mut. Cas. Co.,* 93 F.3d 397, 401 (7th Cir.1996). A complaint will not be dismissed on a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *Id.* A complaint need not set forth all relevant facts or recite the law. All that is required is a short and plain statement showing that the party is entitled to relief. FED.R.CIV.P. 8(a); *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996). A plaintiff in a suit in federal court need not plead facts. Conclusions may be pleaded as long as the defendant has at least minimal notice of

the claim. FED.R.CIV.P. 8(a)(2); *Jackson v. Marion County,* 66 F.3d 151, 153–54 (7th Cir.1995).

The Seventh Circuit has recently held:

Under the federal rule of notice pleading, " 'all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and *the grounds upon which it rests.*' " *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). (*quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote and citation omitted)) (emphasis added). For fair notice to be given, "a complaint must at least 'include the operative facts upon which a plaintiff bases his claim.' " *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir.1992) (*quoting Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 198 (7th Cir.1985)). A plaintiff "need not plead facts; he can plead conclusions. [However,] the conclusions must provide the defendant with at least minimal notice of the claim." *Jackson v. Marion County,* 66 F.3d 151, 153–54 (7th Cir.1995). The issue we review is whether "sufficient facts [have been] pleaded to allow the district court to understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago,* 75 F.3d 318, 326 (7th Cir.1996).

*Kyle v. Morton High School,* 144 F.3d 448, 454–55 (7th Cir.1998); *See also Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998).

### II. PLAINTIFF'S SECTION 1983 POLICY CLAIM

Count III of Plaintiffs' Amended Complaint at Law alleges that the City is liable under 42 U.S.C. § 1983 for maintaining a policy or custom of failing to "instruct, supervise, control and discipline" on a continuing basis defendant police officers in their duties to refrain from unlawfully and maliciously harassing citizens, arresting, imprisoning and prosecuting citizens, as-

saulting and beating citizens, conspiring to violate citizens' rights and otherwise depriving citizens of their constitutional and statutory rights. (Am.Compl. § 25.) Defendant argues that Plaintiffs, while using vague conclusions and boilerplate allegations of a "policy claim," improperly seek to hold the City liable pursuant to section 1983 under a theory of *respondeat superior*. (Def.Mot. at 3.) [2]

At issue in this case is whether Plaintiffs' Amended Complaint has sufficiently plead a section 1983 official policy claim against the City. In preface, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *Id.* at 389. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). "The municipality's policy must be the source of the discrimination." [3] *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir.1995) (*quoting Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir.1994)). "Case law recognizes three ways in which a municipality's policy can violate an individual's civil rights:

(1) an express policy that, when enforced, causes a constitutional deprivation;

(2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute

"custom or usage" with the force of law; or

(3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*McTigue*, 60 F.3d at 382 (*quoting Baxter by Baxter*, 26 F.3d at 734–35).

Defendant argues that Plaintiffs have failed to sufficiently plead a section 1983 official policy claim against the City. In this regard, recent case law indicates that section 1983 complaints need not conform to any heightened pleading requirements. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). "At the same time, the court also recognizes recent case law which indicates that plaintiffs must do more than plead an empty allegation of municipal policy in order to state a claim under § 1983." *Taylor v. City of Chicago*, 1997 WL 51445, *1 (N.D.Ill.1997); *See Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir.1996) ("Something more than a conclusory allegation is necessary.... Still there must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint."); *McTigue v. City of Chicago*, 60 F.3d 381 (7th Cir.1995); *see also, Springdale Education Association v. Springdale School District*, 133 F.3d 649, 651 (8th Cir.1998) ("We do not apply a standard of heightened specificity, more stringent than the usual pleading requirements of the civil rules, in cases alleging municipal [official policy or custom] liability under section

---

**2.** Specifically: Defendant argues that Plaintiffs are attempting to hold the City liable under § 1983 solely because it employed alleged tortfeasors (on a theory of *respondeat superior*), which is impermissible under *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). Defendant maintains that Plaintiffs are attempting to hide this impermissible *respondeat superior* claim behind the false label of an "official policy or custom." It is not necessary, however, for the court to address this *respondeat superior* liability argument of the City be-

cause, as will be seen, Plaintiffs' have not sufficiently plead a "policy" claim under § 1983, in any event.

**3.** For example, "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

1983 (citing *Leatherman*). At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.").

In short, in a § 1983 official policy or custom case against a City, as the Seventh Circuit has expressly declared in affirming the dismissal of such a case:

> "Although Fed.R.Civ.P. 8 does not require detailed factual pleading, a plaintiff's assertions must still direct the defendant to the factual cause of the plaintiff's alleged injury. 'Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a [municipal] policy does exist are insufficient.... The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts.' *Baxter by Baxter*, 26 F.3d 728 at 736 (7th Cir.1994)." *McTigue*, 60 F.3d at 382–83.

Upon review of the pleading herein, the Court finds that Plaintiffs' official policy claim against the City, based on the described assault on Mr. Samuel and disregard of his medical condition, is wholly conclusory and lacking in facts sufficient to state a § 1983 claim as a matter of law.

Moreover, Plaintiffs' Amended Complaint alleges nothing beyond Mr. Samuel's own arrest and denial to him of medical care which indicates the existence of such an official City policy or custom. Plaintiffs assert, however, that pleading a single incident is sufficient to state their claim.

In making their assertion, with which the City disagrees, Plaintiffs rely on the Supreme Court's language in *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997). In that case, the Court noted that in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), municipal liability could be triggered by evidence of a single violation of federal rights "coupled with a showing that the municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Board of County Commissioners*, 520 U.S. 397, 117 S.Ct. at 1391 (*citing Canton*, 489 U.S. at 390, n. 10, 109 S.Ct. at 1205).

The Court in *Board of County Commissioners* went on to point out, however, that in leaving open in *Canton* the possibility that a showing of a pattern of constitutional violation might not be a prerequisite to succeed on a claim of failure to train, the *Canton* Court "simply hypothesized that, in a narrow range of circumstances, a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." 520 U.S. 397, 117 S.Ct. at 1391. This Court finds that the set of facts before the court, as alleged in Plaintiffs' Amended Complaint, does not fall within the "narrow range of circumstances" contemplated by the Supreme Court in *Board of County Commissioners* for a municipal policy claim.

*Taylor v. City of Chicago*, 1997 WL 51445 (N.D.Ill.1997) is instructive in the City's favor on the single incident issue. The Plaintiff there claimed that the City was liable under Section 1983 for failing to supervise and train its officers to effect an arrest without physically harming an arrestee. Citing the Seventh Circuit's decision in *McTigue*, the *Taylor* Court dismissed the Plaintiff's complaint against the City as conclusory; stating *inter alia* that the "allegations regarding [Plaintiff's] incident are the only allegations upon which she bases her conclusion of an unconstitutional City policy." (*Id.* at *3). The Court further noted that "Section 1983 usually requires that Plaintiff's plead more than a single unconstitutional incident to state a claim based upon a municipal policy. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir.1994)" (*Id.* at *3).[4]

## CONCLUSION

In view of the foregoing, Defendant City of Chicago's Motion to Dismiss Count III of Plaintiffs' Amended Complaint at Law is granted.[5]

---

**4.** *See also Pope v. City of Chicago*, 1996 WL 392162 at *3 (N.D.Ill.1996); *Pecsenye v. Village of Park Forest*, 1995 WL 476593 (N.D.Ill. 1995), *Sutton v. Anderson*, 1998 WL 142378 (N.D.Ill.1998); *but see Collins v. Metcalfe*, 1996 WL 637592 at *1 (N.D.Ill.1996).

**5.** In view of the Court's ruling, it is not necessary to address the City's remaining dismissal contentions respecting (A) an absence of a necessary causal link for Plaintiff's official policy claim(s) and (B) the Plaintiff's claim of improper training.