**Carl MOSBY, Plaintiff,**

v.

**Officer BELL, individually, and City of Chicago, Defendants.**

**No. 98 C 6773.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 10, 1999.

Lawrence W. Byrne, Byrne, Nadborne & Associates, Chicago, IL, for Carl Mosby.

Arlene Esther Martin, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Thomas Joseph Platt, M David Weisman, City of Chicago, Department of Law, Chicago, IL, for OFC Bell.

Brian L. Crowe, Shefsky, Froelich & Devine, Ltd., Chicago, IL, Irma Valdez, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Robert Thomas Shannon, City of Chicago, Department of Law, Chicago, IL, for City of Chicago.

*MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Carl Mosby brought this action against Officer Bell and the City of Chicago [the "City"] for violations of 42 U.S.C. § 1983 [" § 1983"] and state law. The City moves to dismiss the § 1983 claim against it for failure to state a claim for municipal liability. For the following reasons, the motion to dismiss is granted.

*Background[1]*

Carl Mosby resides with his mother and his sister's two children on South Indiana in Chicago. In June 1998, the Circuit Court of Cook County entered an order of protection prohibiting his sister's boyfriend, Terrence Taylor, Sr., from entering the property on South Indiana. On September 9, 1998, Mr. Mosby arrived home on South Indiana and found his sister, Mr. Taylor, Officer Bell, and other Chicago police officers on the property. Mr. Mosby explained that Mr. Taylor was not allowed on the property, and he asked Officer Bell to remove Mr. Taylor from the premises. Mr. Mosby then entered his home. Subsequently and without provocation, Officer Bell kicked open the front door, handcuffed Mr. Mosby, and assaulted him, causing physical injury. Mr. Mosby was then transported to the police station. After being questioned and denied medical attention for 30 minutes, Mr. Mosby was taken by paramedics to the hospital where he was treated; he was then returned to the police station. Early the next morning Mr. Mosby was released from police custody.

Mr. Mosby filed this lawsuit alleging Fourth Amendment violations, false imprisonment, willful and wanton conduct, and malicious prosecution. The only claim that appears to be brought against the City is for liability under § 1983. The City moves to dismiss on the ground that

---

1. The background facts are taken from the amended complaint. When evaluating a motion to dismiss, I must take all well-pleaded factual allegations as true. *Prince v. Rescorp Realty,* 940 F.2d 1104, 1106 (7th Cir.1991).

Mr. Mosby has failed to state a claim for municipal liability.

### Municipal Liability under § 1983

■ A municipality may not be held liable for the actions of an employee under § 1983 on a theory of respondeat superior. *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality may, however, be held liable if the plaintiff can show that he or she suffered a constitutional deprivation that was caused by an official policy, custom, or usage of the municipality. *Id.* at 690–91, 98 S.Ct. 2018.

■ In his claim against the City for respondeat superior liability, Mr. Mosby alleges that Officer Bell implied he was following the custom and practice of the police department. In count I Mr. Mosby alleges that "it is the custom and practice of Officers of the Chicago Police Department to abuse their power and violate constitutional rights of citizens on an ongoing basis." (Am.Compl.¶ 43). He further alleges that the City is aware of this practice and "has failed to act to remedy the pattern of unconstitutional behavior." (Am.Compl.¶ 44). Although notice pleading is sufficient to bring a § 1983 claim, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), the complaint must give the defendant notice of the grounds on which the claim rests. "Boilerplate allegations of a municipal policy, entire lacking in any factual support that a [municipal] policy does exist, are insufficient...." *McTigue v. City of Chicago*, 60 F.3d 381, 382–83 (7th Cir.1995) (quoting *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734 (7th Cir.1994)). A general allegation that the City has failed to remedy a pattern of unconstitutional behavior by the Chicago police—with no explanation of how the behavior is unconstitutional and no allegations other than those relating to one incident involving Officer Bell—is insufficient even under notice pleading standards.

Mr. Mosby argues that the specific allegations in the complaint relating to Officer Bell's conduct on the date in question sufficiently give the City notice of the gravamen of his claim. The allegations, however, do not explain the City's custom or practice. In addition, the cases cited by Mr. Mosby are distinguishable because those plaintiffs alleged specific policies in support of their claims. *See Bell v. City of Chicago*, 1998 WL 851485, at *3 (N.D.Ill. 1998) (alleging specific policies including that the City "does not properly train officers to handle crowds and celebrations" and that "a code of silence exists, in which officers fail to report known instances of police misconduct"); *Thomas v. City of Chicago*, 1998 WL 729622, at *2 (N.D.Ill. 1998) (alleging specific customs, such as the inadequate investigation of citizen complaints and the inadequate supervision of police employees in jail management); *Daniels v. City of Chicago*, 920 F.Supp. 901, 903 (N.D.Ill.1996) (alleging that the City "permits its officers to use unauthorized tactics to search homes to confiscate guns and drugs"). While Mr. Mosby alleges two specific policies in the complaint, neither are connected to his injuries.

First, Mr. Mosby alleges that "it allegedly violated Police Department policy to refuse medical treatment for persons in custody, regardless of whether said custody is lawful." (Am.Comp.¶ 30). Although this statement is somewhat unclear, such an allegation does not seem to support Mr. Mosby's claim against the City, for if Mr. Mosby was refused medical treatment, it was in violation of the policy, not pursuant to the policy.

■ Second, Mr. Mosby alleges that it is the policy of the Chicago police department to allow a person on property where that person's presence is otherwise prohibited by court order, if the person is under police supervision. To establish municipal liability, the plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of the County Commis-*

sioners of Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Mr. Mosby has not alleged that the policy allowing a person on property with a police officer where that person is otherwise prohibited caused his injuries. Instead, the gist of his claim is that for no reason Officer Bell kicked down the door to his house, assaulted him, and arrested him, and that he was unlawfully detained and denied medical attention. In addition, the complaint alleges that Officer Bell, not the City, caused Mr. Mosby's constitutional injuries. (Am.Compl.¶38). Because there are no allegations in the complaint that would support an inference that the City could be held liable for Officer Bell's actions based on policy, custom, or practice, Mr. Mosby's § 1983 claim against the City is dismissed.

### Conclusion

For the reasons discussed above, the City's motion to dismiss for failure to state a claim is granted.